STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

CHRISTINA LIU (CABN 308362)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7199
    FAX: (415) 436-7234
    christina.liu@usdoj.gov

Attorneys for United States of America

FILED
Apr 12 2022
Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3:22-mj-70436-MAG |
| Plaintiff, | [~~PROPOSED~~]DETENTION ORDER |
| v. | |
| TANIELA KINI KINI LATU, | |
| Defendant. | |

    On January 5, 2005, defendant Taniela Kini Kini Latu was charged by Probation Violation Letter with failure to report for drug testing, failure to report for outpatient drug and alcohol classes, and absconding from supervision, in violation of his supervision conditions in Case No. CR01-00751-AHM (C.D. Cal.).

    This matter came before the Court on April 12, 2022, for a detention hearing. The defendant was present by Zoom video conference and consented to appear by video and was represented by Assistant Federal Public Defender Elisse Larouche. Assistant United States Attorney Christina Liu appeared for the government. The government had moved for detention, and the defendant had opposed. At the hearing, counsel submitted proffers and arguments regarding detention.

    Because this detention hearing occurred in the context of an alleged supervised release violation,

the burden is on the defendant to show by clear and convincing evidence that there are conditions of release that will make it unlikely that he will flee or pose a danger if he is released. Fed. R. Crim. Proc. 32.1(a)(6). Upon consideration of the facts, proffers and arguments presented, and for the reasons stated on the record, the Court finds that the defendant has not met his burden. Specifically, the defendant's multiple felony convictions, including his conviction for assault with a semiautomatic firearm, makes the evidence neither clear nor convincing that any set of release conditions could protect the safety of the community. Further, defendant's previous absconding from supervised release also means that it is neither clear nor convincing that he won't do the same thing again.

It is true that all of these events happened 17 or more years ago and that in the meantime the defendant has been in state prison. One possible interpretation of this passage of time (the one urged by the defense) is that the defendant is now a changed man and would no longer do the sort of things he did before. Another possible interpretation is that we don't know that, and the passage of 17 years since he last absconded and offended could reflect a lack of opportunity to do so. The Court does not know which of those interpretations is correct and therefore falls back on the burden of proof: It is on the defendant, and his case for release must be clear and convincing. It is neither of those things. Accordingly, the Court orders the defendant detained.

IT IS ORDERED THAT:

1. The defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. The defendant be afforded reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

1  DATED:    April 12, 2022

_____
THE HON. THOMAS S. HIXSON
United States Magistrate Judge